

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

—————————————————

No. 02-26-00019-CV

—————————————————

HARRIET H. NICHOLSON, Appellant

V.

NATIONSTAR MORTGAGE LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-005783-1

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Pro se Appellant, Harriet H. Nicholson, was declared a vexatious litigant on January 5, 2022, and is now subject to a prefiling order that prohibits her from filing any action in a Texas court without first obtaining permission from the local administrative judge.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101. Despite that prefiling order, Nicholson filed a notice of restricted appeal in this cause without an accompanying order permitting the filing. Because Nicholson has not complied with the filing requirements, we dismiss the appeal. *See id.* §§ 11.101, 11.1035.

Under Chapter 11 of the Texas Civil Practice and Remedies Code, "a clerk of a court may not file a[n] . . . appeal[] . . . presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge . . . permitting the filing." *Id.* § 11.103(a).[2] Chapter 11 further describes the procedures courts must follow when vexatious-litigant litigation is mistakenly filed. *See id.* § 11.1035(b). Courts must dismiss such litigation unless the vexatious litigant demonstrates that she has obtained an order permitting the filing from the appropriate local administrative judge. *See id.*; *In re G.T.*,

---

[1] Available at Office of Court Administration, List of Vexatious Litigants Subject to a Prefiling Order, http://www.txcourts.gov/judicial-data/vexatious-litigants/ (last updated Mar. 11, 2026, and last visited Mar. 16, 2026)

[2] The only statutory exceptions—neither of which applies here—authorize an appellate-court clerk to file (1) an appeal from a prefiling order entered under Section 11.101 designating a person a vexatious litigant or (2) a timely writ of mandamus under Section 11.102. *See id.* § 11.103(d).

No. 04-25-00636-CV, 2025 WL 3538967, at *1 (Tex. App.—San Antonio Dec. 10, 2025, no pet.) (per curiam) (mem. op.); *Johnson v. Parker*, No. 03-19-00067-CV, 2019 WL 3922908, at *1 (Tex. App.—Austin Aug. 20, 2019, no pet.) (mem. op.) (dismissing vexatious litigant's appeal because litigant had failed to file proof of the local administrative judge's permission to appeal).

Because the record filed in this court did not show that Nicholson had obtained permission from the local administrative judge to file this appeal, on February 9, 2026, we notified her that this appeal would be dismissed unless she obtained an order granting permission to proceed from the appropriate local administrative judge by March 2, 2026. Nicholson has not furnished such an order, but she has filed several other documents showing that she does not have permission to pursue this appeal. In one, she admitted that she sought permission from the local administrative judge to file this appeal, and she stated that the judge "left the bench, made off-record calls, and returned to deny the prefiling order." Nicholson has also separately provided a copy of the judge's signed order denying her request to "further appeal the [underlying case] and appeal filed in the Court of Appeals for the Second District of Texas, Cause 02-26-00019-CV."

Because Section 11.1035 is clear that courts must dismiss an appeal unless the litigant obtains an order permitting the filing—which Nicholson has not—we dismiss her appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.1035(b); Tex. R. App. P. 42.3, 43.2(f); *Hernandez v. Fernandez*, No. 08-25-00188-CV, 2025 WL 2315442, at *1 (Tex.

App.—El Paso Aug. 11, 2025, no pet.) (mem. op.); *Morgan v. Abbott*, No. 02-19-00475-CV, 2020 WL 2073747, at *1 (Tex. App.—Fort Worth Apr. 30, 2020, no pet.) (per curiam) (mem. op.). All pending motions are denied as moot.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: March 19, 2026

4